UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAIZEN PARTNERS LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>WATER STATION MANAGEMENT LLC, a Washington Limited Liability Company and CREATIVE TECHNOLOGIES LLC, a Washington Limited Liability Company; and RYAN R. WEAR and REBECCA A. SWAIN, and the Marital Community comprised thereof, and KEVIN NOONEY and ELIZABETH NOONEY, and the Marital Community comprised thereof,<br><br>                  Defendants. | Case No. 24-01864-fpc11<br>CHAPTER 11<br><br>ADVERSARY PROCEEDING<br><br>Adv. Proc. No.<br><br>COMPLAINT FOR NON-DISCHARGEABILITY<br><br>[11 U.S.C. §523 AND §727] |

      COMES NOW Plaintiff Kaizen Partners LLC, (hereinafter "Plaintiff"), by and through their attorneys of record, Marianne K. Jones, and alleging causes of action against Defendants, Water Station Management LLC, Creative Technologies LLC, RYAN R. WEAR and REBECCA A. SWAIN, and the Marital Community comprised thereof, and KEVIN NOONEY and ELIZABETH NOONEY, and the Marital Community comprised thereof,

COMPLAINT –PAGE-1

(hereinafter collectively referred to as "Defendants"), the causes of action stated herein and hereby states and alleges as follows:

### 1.0 PARTIES

1.1 Plaintiff, Kaizen Partners, LLC is a California Limited Liability Company that does business in the State of Washington.

1.2 Defendant, Water Station Management is a Washington Limited Liability Company that does business in the State of Washington and is headquartered in Everett, Washington.

1.3 Defendant, Creative Technologies LLC is a Washington Limited Liability Company that does business in the State of Washington and is headquartered in Everett, Washington.

1.4 Defendant Ryan R. Wear and Rebecca A. Swain at all material times were residents of Washington state and were principals in the entity Defendants Water Station Management and Creative Technologies, directing the actions of the entities and benefiting financially from the fraudulent practices of the entities.

1.5 Defendant Kevin Nooney and Elizabeth Nooney at all material times were residents of Washington state and were principals in the entity Defendants Water Station Management and Creative Technologies, directing the actions of the entities and benefiting financially from the fraudulent practices of the entities.

### 2.0 JURISDICTION AND VENUE

2.1 The jurisdiction of this court is based upon 28 U.S.C. §157 and § 1334 and GR 7 of the rules of the United States District Court Western District of Washington. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (I), (J) and (O).

COMPLAINT –PAGE-2

**ENRIGHT LAW APC**
11819 NE 34TH STREET
Bellevue, WA 98005
(425) 436-5777

25-80009-FPC    Doc 1    Filed 02/04/25    Entered 02/04/25 16:11:06    Pg 2 of 7

# 3.0 FACTUAL SUMMARY

3.1     The Defendants acted in unison and are referred to as united throughout this factual summary. While some documents may have been entered into with one company or the other, and payment was made to one company or the other, and payments were received from one company or the other, the Defendants were all controlled by Wear and Nooney, and the entities acted in unison as one entity for the benefit of the individual defendants and their marital communities.

3.2     Plaintiff entered into a purchase agreement with Defendants on November 5, 2019, to purchase 10 vending machines for $120,000.00. Plaintiff was to receive title to the vending machines however there were no title documents provided clearly showing title to the vending machines purchased was ever transferred or that the funds went toward the purchase of any specific machines.

3.3     Plaintiff entered into another purchase agreement with the Defendants on October 9, 2021, to purchase an additional 23 vending machines for $160,00.00. Plaintiff was to receive title to the vending machines however there were no title documents provided clearly showing title to the vending machines purchased was ever transferred. There was some information provided which showed serial numbers for specific machines, but again, no title documents have been provided.

3.4     Plaintiff started collecting earnings on the vending machines purchased on November 5, 2019, in early 2020.

3.5     Plaintiff did not receive earnings nor information whether machines purchased on October 9, 2021, have been placed into service from Defendants. Thereafter, Plaintiff and Defendants agreed to enter into a "Refund Payment Agreement" wherein Plaintiff was to be

COMPLAINT –PAGE-3

**ENRIGHT LAW APC**
11819 NE 34TH STREET
Bellevue, WA 98005
(425) 436-5777

25-80009-FPC    Doc 1    Filed 02/04/25    Entered 02/04/25 16:11:06    Pg 3 of 7

refunded $280,000 of Plaintiff's original purchase. The payment due date was expected to be April 30, 2023. However, Defendants failed to refund back any part of the $280,000 until after litigation was filed and then Defendants paid back $60,000 of the amount to Plaintiff.

    3.6    The $220,000 is due and owing and has not been paid. Demand has been made on Defendants to which Defendants have failed to respond and judgment against Defendant Water Station Management has been obtained.

    3.7    The Defendants induced Plaintiff to invest in unregistered securities and led plaintiff to believe that Defendants would supply and service water machines for a share in the profits. Defendants promised returns in the amount of 12-20% of the Plaintiff's investment disbursed monthly. The agreements entered into between Plaintiff and Defendants were a fraudulent inducement based upon a variety of false representations by Defendants to Plaintiff.

    3.8    Defendants were part of and operating a Ponzi scheme where several investors were allegedly purchasing the same equipment and obtaining returns on their investment from other investors that were investing. The fraud was that the investors never obtained title to the water machines that they were supposed to obtain title to and the investors never received actual profits from the exact machines that they invested in. Rather, the Defendants fabricated amounts of a monetary return for the investment to placate the investor, in this case Plaintiff, until the Ponzi scheme did not work any longer. The Defendants further borrowed other money to use to pay investors on their investments so that the Ponzi Scheme did not get identified sooner.

## 4.0 CAUSE OF ACTION

*As a first cause of action against Defendants, Plaintiff alleges as follows:*

**(Non-Dischargeability Based Upon 11 U.S.C. § 523)**

    4.1    Plaintiff restates and realleges paragraphs 1.1 through 3.8 as if pled herein.

COMPLAINT –PAGE-4

ENRIGHT LAW APC
11819 NE 34TH STREET
Bellevue, WA 98005
(425) 436-5777

25-80009-FPC    Doc 1    Filed 02/04/25    Entered 02/04/25 16:11:06    Pg 4 of 7

4.2     Plaintiff entered into Refund Payment Agreement with Defendants on April 4, 2023. The agreement entitled Plaintiff to a refund of $280,000 in money that had previously paid to Defendants by Plaintiff related to a vending machines business opportunity. The Refund Payment Agreement anticipated a "closing" date of April 30, 2023, for payment. Defendants had a duty to make that payment on or before April 30, 2023, or to negotiate a different closing date.

4.3     No payment has occurred from Defendants to Plaintiff in any amount related to the Refund Payment Agreement; therefore, Defendants is in breach of the Refund Payment Agreement. Defendants never intended to pay Plaintiff any amount from the Refund Payment Agreement or any further amounts on the investment. The investments were not real and were fraudulent.

4.4     Subsequently, Defendants paid Plaintiff $60,000 to not enter a judgment against Defendant Water Station Management. However, when Defendant Water Station Management failed to pay the remaining $220,000 a judgment entered.

4.5     Plaintiff has been damaged by Defendants' failure to make the payment in the amount of $220,000. This being a liquidated sum and not a consumer debt, Plaintiff also demands statutory prejudgment interest at 12% per annum from April 30, 2023, until the date that the payment is made in full.

*As a second cause of action against Defendants, Plaintiff alleges as follows:*

**(Non-Dischargeability Based Upon 11 U.S.C. § 727)**

4.6     Plaintiff restates and realleges paragraphs 1.1 through 4.5 as if pled herein.

4.7     Plaintiff entered into Refund Payment Agreement with Defendants on April 4, 2023. The agreement entitled Plaintiff to a refund of $280,000 in money that had previously paid to Defendants by Plaintiff related to a vending machines business opportunity. The Refund

COMPLAINT –PAGE-5

**ENRIGHT LAW APC**
11819 NE 34TH STREET
Bellevue, WA 98005
(425) 436-5777

25-80009-FPC    Doc 1    Filed 02/04/25    Entered 02/04/25 16:11:06    Pg 5 of 7

Payment Agreement anticipated a "closing" date of April 30, 2023, for payment. Defendants had a duty to make that payment on or before April 30, 2023, or to negotiate a different closing date.

4.8 No payment has occurred from Defendants to Plaintiff in any amount related to the Refund Payment Agreement; therefore, Defendants is in breach of the Refund Payment Agreement. Defendants never intended to pay Plaintiff any amount from the Refund Payment Agreement or any further amounts on the investment. The investments were not real and were fraudulent.

4.9 Subsequently, Defendants paid Plaintiff $60,000 to not enter a judgment against Defendant Water Station Management. However, when Defendant Water Station Management failed to pay the remaining $220,000 a judgment entered.

4.10 Plaintiff has been damaged by Defendants' failure to make the payment in the amount of $220,000. This being a liquidated sum and not a consumer debt, Plaintiff also demands statutory prejudgment interest at 12% per annum from April 30, 2023, until the date that the payment is made in full.

### 5.0 PRAYER FOR RELIEF

5.1 WHEREFORE, Plaintiffs prays as follows:

a) For judgment against Defendants for in an amount to be proven at trial but approximately in the amount of $220,000.

b) For statutory prejudgment interest beginning on April 30, 2023, to the date of full payment.

c) For all other relief the Court deems just and equitable.

COMPLAINT –PAGE-6

**ENRIGHT LAW APC**
11819 NE 34TH STREET
Bellevue, WA 98005
(425) 436-5777

25-80009-FPC   Doc 1   Filed 02/04/25   Entered 02/04/25 16:11:06   Pg 6 of 7

DATED this 4th day of February 2025.

          ENRIGHT LAW APC

*[signature]*

MARIANNE K. JONES, WSBA #21034
*Attorney for Plaintiff*
11819 NE 34th Street
Bellevue, WA 98005
425.436.5777
mkj@enrightlawapc.com

COMPLAINT –PAGE-7

**ENRIGHT LAW APC**
11819 NE 34TH STREET
Bellevue, WA 98005
(425) 436-5777

25-80009-FPC   Doc 1   Filed 02/04/25   Entered 02/04/25 16:11:06   Pg 7 of 7